THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (Harrisburg)

| | | |
|---|---|---|
| IN RE: | : | |
| KRISTIN A. MARKS | : | BK. No. 17-bk-04749-HWV |
| Debtors | : | |
| | : | Chapter No. 13 |
| PNC BANK, NATIONAL ASSOCIATION | : | |
| Movant | : | |
| v. | : | |
| KRISTIN A. MARKS | : | |
| MAURICE K. MARKS (Non-Filing Co-Debtor) | : | 11 U.S.C. §362 & §1302 |
| Respondents | : | |

## ORDER

Upon consideration of the Stipulation by and between Phelan Hallinan Diamond & Jones, LLP counsel for the Movant, **PNC BANK, NATIONAL ASSOCIATION**, and Aaron John Neuharth, Esquire, counsel for the Debtor, settling the Motion for Relief from the Automatic Stay is hereby approved, shall be, and is hereby made an Order of this Court. A further Order of the Court shall be necessary to lift the Automatic Stay.

Dated: August 10, 2018

By the Court,

_____
Henry W. Van Eck, Bankruptcy Judge (KB)

# Notice Recipients

District/Off: 0314−1    User: CKovach    Date Created: 8/10/2018
Case: 1:17−bk−04749−HWV    Form ID: pdf010    Total: 1

**Recipients of Notice of Electronic Filing:**
aty        Jerome B Blank        pamb@fedphe.com

TOTAL: 1

Case 1:17-bk-04749-HWV    Doc 35-1    Filed 08/10/18    Entered 08/10/18 12:28:30    Desc
PDF All Chatty.pdf: Notice Recipients    Page 1 of 1

Case 1:17-bk-04749-HWV    Doc 74-2    Filed 04/30/20    Entered 04/30/20 22:09:44    Desc
Exhibit Stipulation    Page 2 of 5

THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (Harrisburg)

IN RE:
KRISTIN A. MARKS
    Debtors

PNC BANK, NATIONAL ASSOCIATION
    Movant
v.
KRISTIN A. MARKS
MAURICE K. MARKS (Non-Filing Co-Debtor)
    Respondents

BK. No. 17-bk-04749-HWV

Chapter No. 13

11 U.S.C. §362 & §1302

## STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

It is hereby stipulated by and between Phelan Hallinan Diamond & Jones, LLP, counsel for the Movant, PNC BANK, NATIONAL ASSOCIATION, and AARON JOHN NEUHARTH, Esquire, counsel for the Debtors, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at **241 GLEN STREET, CHAMBERSBURG, PA 17201-1011**, mortgage account ending with "**3125**".

3. The parties agree that the total post-petition arrearage consists of four (4) monthly payments for the months of May 2018 through August 2018 at $1,261.37 each; attorney fees and costs in the amount of $1,031.00; less Debtor's suspense in the amount of $41.08; resulting in the total post-petition arrearage amount of $6,035.40.

4. Counsel for Movant acknowledges receipt of payment in the amount of $2,543.28, reducing the post-petition arrearage amount to $3,492.12.

5. Beginning September 1, 2018, Debtor shall commence payment of the regular monthly mortgage payment in the amount of $1,261.37, plus the additional payment in the amount of $582.02, for a total monthly payment amount of $1,843.39. The Debtor will continue to pay this amount each month from September 1, 2018 through and including February 1, 2019 to cure the aforementioned post-petition arrearage. All subsequent monthly payments and late charges shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be by certified check or money order payable to **PNC MORTGAGE, A DIVISION OF PNC BANK, NA 3232 NEWMARK DRIVE, MIAMISBURG, OH 45342**.

6. If Debtors provides sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

7. Should the Debtor fail to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

8. In the event the Debtors convert to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current.

Should the Debtors fail to bring the loan contractually current, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

9. Debtor's tendering of a check to **PNC MORTGAGE, A DIVISION OF PNC BANK, NA**, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

10. The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

11. This stipulation survives any loan modification agreed to and executed during the instant bankruptcy. If any regular monthly mortgage payment due after the execution of a loan modification is more than fifteen (15) days late, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days from the date of the Notice, counsel may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and waiving Rule 4001(a)(3) so that Relief Order is immediately effective and enforceable.

12. The parties request that this Court sign and docket an Order Approving the Stipulation in Settlement of the Motion for Relief.

13. The parties agree that a facsimile signature shall be considered an original signature.

Date: July 31, 2018

Jerome Blank, Esq.
Andrew L. Spivack, Esq.
Thomas Song, Esq.
Mario J. Hanyon, Esq.
Attorneys for Movant

AARON JOHN NEUHARTH, ESQUIRE
Attorney for Debtor

JAMES JONES, ESQUIRE
Attorney for Charles J. DeHart III, Chapter 13 Trustee

THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (Harrisburg)

| | |
|---|---|
| IN RE: | : |
| KRISTIN A. MARKS | : BK. No. 17-bk-04749-HWV |
|     Debtors | : |
| | : Chapter No. 13 |
| PNC BANK, NATIONAL ASSOCIATION | : |
|     Movant | : |
|     v. | : |
| KRISTIN A. MARKS | : |
| MAURICE K. MARKS (Non-Filing Co-Debtor) | : 11 U.S.C. §362 & §1302 |
|     Respondents | : |

## ORDER

Upon consideration of the Stipulation by and between Phelan Hallinan Diamond & Jones, LLP counsel for the Movant, **PNC BANK, NATIONAL ASSOCIATION**, and Aaron John Neuharth, Esquire, counsel for the Debtor, settling the Motion for Relief from the Automatic Stay is hereby approved, shall be, and is hereby made an Order of this Court. A further Order of the Court shall be necessary to lift the Automatic Stay.